IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

FILED
99 JUN 17 AM 9:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| LOGAN E. COMBS, | ) | |
| PLAINTIFF, | ) | |
| VS. | ) | CV99-H-1204-E |
| R. ALLEN CROW, Individually and in his official capacity as Calhoun County Alabama Circuit Court Judge, Domestic Relations Division;<br>THE STATE OF ALABAMA;<br>ALABAMA DEPARTMENT OF HUMAN RESOURCES; CALHOUN COUNTY CIRCUIT COURT CLERK'S OFFICE; and TED HOOKS, Clerk of Court's for Calhoun County Circuit Court, in his official capacity only, | ) ) ) ) ) ) ) ) ) ) | |
| DEFENDANTS. | ) | |

ENTERED
JUN 17 1999

## MEMORANDUM OF DECISION

The court has before it the June 3, 1999 motions to dismiss filed by all defendants and directed to the May 13, 1999 pro se complaint of plaintiff. The complaint names as defendants R. Allen Crow, individually and in his official capacity as a judge of the Seventh Judicial Circuit of the State of Alabama, Domestic Relations Division;[1] Calhoun County Circuit Court Clerk's Office;[2] Ted Hooks, in his official capacity as Clerk of

---

[1] The court is referred to in the complaint and the motion as the Calhoun County Circuit Court. Calhoun County is one of the two Alabama counties which comprises the Seventh Judicial Circuit of the State of Alabama. See Ala. Code § 12-11-2.

[2] Calhoun County Circuit Court Clerk's Office is not an entity capable of being sued.

such Circuit Court; the State of Alabama; and the Alabama Department of Human Resources. The complaint invokes this court's jurisdiction under 28 U.S.C. § 1331 to pursue claims under 42 U.S.C. § 1983 for alleged deprivation by defendants of rights secured to plaintiff under the Fifth Amendment and Fourteen Amendment to the Constitution, including the right not to incriminate one's self; not to be deprived of liberty without due process of law; not to have property taken without due process of law; and not to be denied equal protection under the law. Plaintiff seeks to recover $1,000,000 from each defendant, other than defendant Hooks. Additionally the complaint seeks temporary injunctive relief from all orders issued by defendant Crow and contains a demand that defendant Hooks publish a citizens' handbook containing basic information regarding the processing of an appeal.

The factual background for this case arises out of a series of court appearances by plaintiff before defendant Crow in the Circuit Court, Domestic Relations Division, pursuant to subpoenas or other "legal" papers and instructions from court personnel on several occasions, beginning January 26, 1999 and ending March 23, 1999. The court proceedings included the jailing of plaintiff on instructions from defendant Crow who apparently refused to allow plaintiff to claim a Fifth Amendment right not to testify and an order by defendant Crow that $490 per month be deducted from his salary by his employer for child support payments.

The claims against the State of Alabama and Alabama Department of Human Resources must be dismissed as the judicial power of this court does not extend to an action against the State of Alabama for damages. Eleventh Amendment to the United States Constitution. The § 1983 claims against defendants Crow and Hooks in their official capacity are tantamount to claims against the State of Alabama since they are employees of the State of Alabama. Consequently, those claims are also barred by the Eleventh Amendment.

The only claim remaining in the complaint, other than those addressed above, is the claim against defendant Crow in his individual capacity. The complaint and the affidavit attached to it make it clear that Crow at all times dealt with plaintiff in Crow's capacity as a state judge and that defendant Crow did not act in the clear absence of all jurisdiction in taking the actions about which complaint is made. Accordingly, defendant Crow has absolute immunity in his individual capacity. Stump v. Sparkman, 435 U.S. 349 (1978); Harris v. Deveaux, 780 F.2d 911 (11th Cir. 1986); Rolleston v. Eldridge, 848 F.2d 163 (11th Cir. 1988); Simmons v. Conger, 86 F.3d 1080 (11th Cir. 1996).

A separate order will be entered granting the motions and dismissing the claims with prejudice.

DONE this 17th day of June, 1999.

SENIOR UNITED STATES DISTRICT JUDGE